**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **ANICA ASHBOURNE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RWT-11-2818 |
| **TIMOTHY GEITHNER,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   *   \*   \*   \*   \*   \*   \*

|  |  |  |
|---|---|---|
| **ANICA ASHBOURNE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RWT-11-3199 |
| **TIMOTHY GEITHNER,** | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   *   \*   \*   \*   \*   \*   \*

|  |  |  |
|---|---|---|
| **ANICA ASHBOURNE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RWT-11-3456 |
| **UNITED STATES DEPARTMENT OF TREASURY,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff filed three complaints involving her termination as an employee at Global High Wealth ("GHW"), a division in the Large Business and International section of the Internal Revenue Service ("IRS") under the U.S. Department of Treasury ("Agency").  Defendants move

to transfer venue to the United States District Court for the District of Columbia for the three consolidated cases.  For the reasons discussed below, the motion will be granted.

## FACTS

Plaintiff is a tax attorney and certified professional accountant.  Civil Action No. RWT-11-2818 Compl. at 2.  Plaintiff held a position at GHW for a probationary period of one year. Doc. No. 2, Attach. 1 at 2.  On May 10, 2011, the Agency informed Plaintiff by letter that it was terminating her employment for allegedly providing misleading information of her pre-employment experience.  *Id.*  On May 19, 2011, Plaintiff submitted a written response to the allegations.  Doc. No. 2, Attach. 2.  On May 26, 2011, the Agency informed Plaintiff by letter that after consideration of her response, her termination would be effective May 28, 2011.  Doc. No. 2, Attach. 4 at 2.

Defendants maintain Plaintiff falsely indicated on her resume that she had worked for five years with Ashbourne and Company, which Defendants allege is a nonexistent company. Doc. No. 2, Attach. 1 at 2.  Defendants also allege Plaintiff provided information that contradicts an affidavit signed by her previous employer about why the employment ended.  *Id.*

Plaintiff initiated three lawsuits against the Defendants.  On September 30, 2011, Plaintiff filed suit under 42 U.S.C. § 1983 against her supervisors at GHW and the Secretary of the Department of the Treasury.  Civil Action No. RWT-11-2818 Compl. at 4-5.  Plaintiff alleges GHW made false and defamatory accusations in her personnel file without granting her an evidentiary hearing, thus damaging her reputation and integrity and negatively affecting her

future employment.[1]   *Id.* at 5.   On November 9, 2011, Plaintiff initiated a second lawsuit against

the Secretary of the Department of the Treasury alleging employment discrimination under the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Equal Pay

Act, 29 U.S.C. § 206(d)(1).   Civil Action No. RWT-11-3199 Compl. at 5.   On November 30,

2011 Plaintiff initiated a third lawsuit against the Department of the Treasury alleging a violation

of the Privacy Act of 1974, 5 U.S.C. §552A, for the Agency's handling of her personal records.

Civil Action No. RWT-11-3456 Compl. at 3-9.

On December 30, 2011, Defendants filed a motion to consolidate the three claims, Doc

No. 8, which this Court granted on January 19, 2012.   Doc. No. 9.   This Court directed the

parties to file all future documents in Civil Action No. RWT-11-2818 and administratively

closed Civil Action Nos. RWT-11-3199 and RWT-11-3546.

After consolidation, Defendants seek to transfer the consolidated cases to the United

States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a) where,

---

[1] On October 4, 2011, Plaintiff filed a Motion for a Request to Proceed Pseudonymously.  Defendants did not respond to the motion.  Certain exceptional circumstances justify proceeding pseudonymously.  *See James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993).  A court must employ "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  Factors a court should consider in granting "this rare dispensation" include, (1) whether the matter involves personal, sensitive issues such as birth control, abortion, or the welfare rights of illegitimate children; (2) whether identification would put a party at risk of retaliatory physical or mental harm; (3) whether the party is a minor; (4) whether the action challenges the government or a private party; and (5) whether proceeding anonymously would be unfair to the opposing party.  *See James*, 6 F.3d at 238; *Free Mkt. Comp. v. Commodity Exch., Inc.*, 98 F.R.D. 311, 312-13 (S.D.N.Y. 1983).  Here, Plaintiff's concern is not of a highly personal or sensitive nature.  Fear of embarrassment or economic loss does not outweigh society's interest for open court proceedings.  *See Free Mkt*., 98 F.R.D. at 313; *Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).  Additionally, very rarely is anonymity justified in a case challenging the government.  *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Finally, "in cases where the sensitive information has already been disclosed during a party's prior litigation under its real name, the social interest in allowing a party to proceed anonymously is limited."  *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (citing *M.M. v. W. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998)).  Plaintiff has already signed her name on numerous documents, disclosed identifying information, and asserted her personnel file has been forwarded to other agencies.  Doc. No. 18 at 5.  "[The] request is equivalent to asking us to put jack back in the box."  *Raiser*, 182 F. App'x at 812.  Therefore, Plaintiff's Motion for a Request to Proceed Pseudonymously, Civil Action No. RWT-11-2818, Doc. No. 3, will be denied.

Defendants argue, venue is proper for all three cases.[2]  Doc. No. 14 at 2.  Plaintiff maintains Maryland is the proper venue for all the claims.

## STANDARD OF REVIEW

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The purpose of § 1406(a) is for "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies."  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Transfer is appropriate to avoid procedural complications or obstacles to adjudication, such as improper venue or lack of personal jurisdiction.  *See Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 522 (D. Md. 2003); *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 256 (4th Cir. 2002).  Venue is improper when there is an "impediment to a decision on the merits."  *Porter v. Groat,* 840 F.2d 255, 257 (4th Cir. 1988).  If a court finds venue to be improper, that court should dismiss the case or, if justice requires, transfer the case to a district where venue is proper or to where it would have had venue had the case originally been brought there.  *Id.* at 258.

## ANALYSIS

### A.  Civil Action No. RWT-11-2818

Defendants argue that the consolidated cases should be transferred to the United States District Court for the District of Columbia because venue in this Court is improper as to

---

[2] On May 15, 2012, Plaintiff filed a Motion to Amend Complaint, Doc. No. 17, and a supporting Memorandum of Law. Doc. No. 18.  On May 25, 2012, Defendants responded, reaffirming their position on transfer of venue and requesting 60 days to file a response to the amended complaint should the Court grant the Plaintiff's request.  Doc. No. 19.  Under Fed. R. Civ. P. 15(a), leave to amend a Complaint "shall be freely given when justice so requires."  Accordingly, the Motion will be granted, and the Defendants will have 60 days to respond.

Plaintiff's § 1983 claim.  Doc. No. 14 at 3-5.  Defendants also contend that this Court should transfer the entire consolidated action to ensure a speedy resolution of the matter.  Plaintiff maintains venue is proper in this Court because she alleges that the Defendants "deprived her of her rights under color of state laws."  Doc. No. 15 at 3.  Therefore, Plaintiff concludes that because all three claims can be heard by this Court so judicial efficiency is not an issue.

Plaintiff's first lawsuit alleges a 42 U.S.C. § 1983 claim against her former supervisors at GHW.  Civil Action No. RWT-11-2818 Compl. at 4.  However, § 1983 allows for suits against state officials, not federal officials.  A claim against a federal official may be brought as a *Bivens*[3] action.  *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)); *see Stoyanov v. Mabus*, Civil Action No. WDQ–07–1764, 2009 WL 4884518, *7 (D. Md. Dec. 9, 2009), *aff'd*, 385 F. App'x. 297 (4th Cir. 2010) (holding that because a § 1983 claim requires state action, and the plaintiff sought federal action, the plaintiff had no remedy under §1983); *Chiang v. Lappin*, Civil Action No. RDB-07-1017, 2008 WL 2945434, *5 (D. Md. July 24, 2008) ("Because Plaintiff has brought his suit against federal officials, however, it is well established that he must pursue his claims under *Bivens*"); *Glascoe v. U.S. Parole Comm'rs*, Civil Action No. RWT-07-294, 2007 WL 3023000, *1 (D. Md. Feb. 21, 2007) ("Actions alleging constitutional violations by federal officials are properly brought under *Bivens*").[4]

In a *Bivens* claim, venue is established by 28 U.S.C. § 1391(b).  *Simpson v. Fed. Bureau*

---

[3] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] Plaintiff's Amended Complaint also alleges a 42 U.S.C. § 1983 claim against her former supervisors at GHW. Civil Action No. RWT-11-2818 Am. Compl. ¶ 1.  Although the Plaintiff maintains that she is "seeking money damages and equitable relief from these defendants for violating her constitutional rights while they acted under 'color of state law,'" *id.*  ¶ 34, her claim must still be construed as a *Bivens* action because she is alleging constitutional violations by federal officials.

*of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007) (citing *Stafford v. Briggs*, 444 U.S. 527, 544 (1980)); *Freeman v. Fallin*, 254 F. Supp. 3d 52, 57 (D.D.C. 2003) (applying § 1391(b) to a *Bivens* action); *Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (applying § 1391(b) to a *Bivens* action).

28 U.S.C. § 1391(b) provides:

(b) A civil action may be brought in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, Plaintiff's *Bivens* action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose.

Here, all the defendants do not reside in one forum, *see* Doc. No. 14 n.5; therefore, the proper venue is where a substantial part of the events arose. *See* § 1391(b)(2). Defendants contend that venue is proper in the District of Columbia "where Plaintiff worked and was terminated as a probationary employee." Doc. No. 14 at 5. Plaintiff argues that Maryland is the proper venue because after her first notice of termination, she was directed to work from her home in Maryland. Doc. No. 15 at 5. Further, Plaintiff maintains she received her final notice of termination at her home in Maryland. *Id.*

Plaintiff's argument that venue is established by merely sending a letter into a forum is unpersuasive.  For example, in *Database America, Inc. v. Bellsouth Advertising & Publication Corp*., plaintiffs sought to transfer venue to the United States District Court for the District of New Jersey from the United States District Court for the District of Georgia under § 1391(b)(2), claiming they received a Cease-and-Desist letter in New Jersey.  825 F. Supp. 1216, 1223 (D.N.J. 1993).  The plaintiffs argued that sending a Cease-and Desist Letter to their home forum established venue. The court rejected plaintiff's arguments and reasoned that merely sending a letter into a forum does not establish substantial activity that gives rise to a claim.  *Id*. at 1225-26 ("To find that the mere sending of the Cease-and-Desist Letter into this judicial district sufficiently established venue would be inconsistent with the purposes of the statutory venue requirement.").  The court held that because the majority of activity giving rise to the claim took place in Georgia, it would be inconvenient to the defendant to adjudicate in New Jersey.  *Id.* at 1227.  This Court finds this reasoning persuasive.

Venue under § 1391(b) is established where substantial activity giving rise to the claim took place.  *Id.* at 1227. Plaintiff's job post at GHW was in the District of Columbia, where GHW is located.  *See* Doc. No. 14, Attach. 3; Doc. No. 14, Attach. 6.  Additionally, Plaintiff's lawsuit alleges discriminatory acts while employed at GHW.  Compl. at 6.  Finally, Plaintiff received her first notice of termination in the District of Columbia.  Doc No. 2, Attach. 1 at 2.  While Plaintiff may have received her final termination letter at her home in Maryland, the substantial portion of her claims arose within the District of Columbia while employed at GHW.  Therefore, the District Court for the District of Columbia is the only proper venue for Plaintiff's first claim.

**B.  Civil Action No. RWT-11-3199**

Plaintiff's second lawsuit alleges violations of the ADEA and the Equal Pay Act.[5]  Under the ADEA, the general venue statute, 28 U.S.C. § 1391(e), applies to federal sector age discrimination actions.  *Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992).  Section 1391(e) provides that a civil action against an officer or employee of the United States or any agency of the United States may be brought where:

> (a)  a defendant in the action resides;
>
> (b)  a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
>
> (c)  the plaintiff resides if no real property is involved in the action.

Therefore, Plaintiff may bring the second claim in either Maryland or the District of Columbia.  *See* §1391(e)(1)(a)-(b).  Defendants argue that, as a matter of efficiency, this claim should also be transferred to the District Court for the District of Columbia.

In *Benton v. England*, the plaintiff, a resident of Maryland, sued her former employer, the Department of the Navy, in the District Court for the District of Maryland for employment discrimination.  222 F. Supp. 2d 728, 729 (D. Md. 2002).  Defendant moved to transfer venue to the District Court for the District of Columbia.  *Id.*  The court held that because venue was proper for only some claims in Maryland, but was proper for all claims in the District of

---

[5] Defendants argue that Plaintiff's Equal Pay Act claim should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff seeks relief including double backpay, compensatory damages, liquidated damages, front pay, and actual damages.  Civil Action No. RWT-11-3199 Compl. at 11-12.  Pursuant to 28 U.S.C. § 1491 the Tucker Act and 28 U.S.C. § 1346(a)(2) the Little Tucker Act, the Court of Federal Claims has exclusive jurisdiction over claims under the Equal Pay Act exceeding $10,000.  *Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997), *cert denied*, 523 U.S. 1136 (1998); *Bolden v. Ashcroft*, 515 F. Supp. 2d 127, 136 (D.D.C. 2007).  Because Plaintiff seeks damages that include double backpay and front pay of her $89,033.00 salary, Doc. No. 14, Attach. 6 at 1, the claim will exceed $10,000.  Therefore, the Equal Pay Act claim will be dismissed because this Court lacks subject matter jurisdiction.

Columbia, for reasons of efficiency all the claims would be transferred, rather than dismissing one claim for lack of jurisdiction. *Id.* at 731.

Similarly in *Lengacher v. Reno*, the plaintiff, a Virginia resident, sued his employer, the Department of Justice, located in the District of Columbia, under the ADEA and the Rehabilitation Act.  75 F. Supp. 2d 515, 517 (E.D. Va. 1999).  Defendant moved to transfer venue from the District Court for the Eastern District of Virginia to the District Court for the District of Columbia.  *Id.*  While venue for the ADEA claim was proper in either Virginia or the District of Columbia, the Rehabilitation Act required that the case be brought in the District of Columbia.  *Id.* at 518.  The court reasoned, "when two or more claims amount to a single cause of action . . . proper venue as to one claim will support adjudication of both claims."  *Id.*  The court considered "judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants."  *Id.* (citing *Beattie v. United States*, 756 F.2d 91, 103 (D.C. Cir. 1994)).  As a result, for reasons of convenience and economy, the entire case was transferred to the District Court for the District of Columbia where venue was proper for all claims.  *Id.* at 520.

Here, although venue for Plaintiff's ADEA claim is proper in both this Court and the District Court for the District of Columbia, for reasons of fairness and judicial economy of resolving all the claims at once, venue is more appropriate in the District Court for the District of Columbia.  Accordingly, Defendants' Motion to Transfer Venue will be granted.

### C.  Civil Action No. RWT-11-3456

Plaintiff's third lawsuit alleges violations under the Privacy Act, 5 U.S.C. § 552A(g)(5).  A civil suit may be brought against an agency in the district court where the complainant resides, or in the District of Columbia.  *See* § 552A(g)(5).  Therefore, this Court may hear the third claim.

However, as explained by the courts in *Benton* and *Lengacher*, when there is a venue that is proper for all the claims in an action, it is appropriate to transfer the entire action to that venue. *Benton*, 222 F. Supp. 2d at 731; *Lengacher*, 75 F. Supp. 2d at 520.  Thus, because Plaintiff's *Bivens* claim may only be heard in the District of Columbia, transferring the entire action to the District Court for the District of Columbia would be judicially efficient and avoid piecemeal litigation.  Therefore, Defendants' Motion to Transfer Venue will be granted.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' Motion to Transfer Venue to the District Court for the District of Columbia will be granted.  A separate Order follows.

Date:   July 10, 2012                                        _____/s/_____
                                                             ROGER W. TITUS
                                                             UNITED STATES DISTRICT JUDGE