FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAY 15 P 3:49

CLERK'S OFFICE
AT GREENBELT

BY ____ DEPUTY

Anica Ashbourne
7422 Drumlea Road
Capitol Heights, MD 20743
Phone Number: (240) 778-7712

ANICA ASHBOURNE, IN PRO PER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division – Greenbelt)

ANICA ASHBOURNE
7422 Drumlea Road
Capitol Heights, MD 20743

Plaintiff,

vs.

Timothy Geithner, Secretary
U.S. Department of the Treasury,
Internal Revenue Service (Global High Wealth), a component of the U.S. Department of the Treasury
1111 Constitution Ave
Washington, DC 20224

Defendant

Donna Hansberry, Director, GHW
U.S. Department of the Treasury,
Internal Revenue Service (Global High Wealth), a component of the U.S. Department of the Treasury
801 9th Street
Washington, DC 20005

Defendant

CIVIL ACTION NO:

COMPLAINT

Donna Prestia, Assistant Director, GHW
U.S. Department of the Treasury,
Internal Revenue Service (Global High
Wealth), a component of the U.S.
Department of the Treasury
801 9th Street
Washington, DC 20005

Defendant

Thomas Collins, Territory Manager, GHW
U.S. Department of the Treasury,
Internal Revenue Service (Global High
Wealth), a component of the U.S.
Department of the Treasury
324 25th Street
Ogden, UT 84401-2310

Defendant

---

## AMENDED COMPLAINT

## BACKGROUND INFORMATION

Plaintiff is a Tax Attorney/CPA, a former audit executive, a former political appointee, and a former Hearing Officer. In a position very similar to that of an Administrative Law Judge, Plaintiff presided over administrative tax appeal hearings for eight years. Plaintiff was employed by Global High Wealth ("GHW"), a division of the Internal Revenue Service ("IRS"), but it fired her, a probationary employee, on May 28, 2011 after it falsely accused her of lying on her per-employment application whereby the defendants used a tactic that the courts have repeatedly held to be illegal and unconstitutional.

Plaintiff's appeal to the Merit Systems Protection Board was dismissed on July 29, 2011 for lack of board jurisdiction. She withdrew her petition for review with the board and

filed a notice of intent to file a civil action under the Age Discrimination in Employment Act with the Equal Employment Opportunity Commission on September 30, 2011.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §1983 as an action to redress a deprivation of due process and liberty interests as secured by the Constitution of the United States; 28 U.S.C. §1331, *et. seq.* as an action raising a federal question; 28 U.S.C. §2201, *et. seq.* for equitable relief; and, 28 U.S.C. §1343, *et. seq.*, for actions committed by federal officials while acting under "color of state law".

2. Venue in the United States District Court for the State of Maryland is proper under 5 U.S.C. §703.

3. Venue in the United States District Court for the State of Maryland is proper under 28 U.S.C. §1391(e) as the judicial district in which the plaintiff resides.

4. The IRS is a component of the U.S. Department of the Treasury.

5. GHW is an industry group within the IRS.

**PARTIES**

6. Plaintiff Anica Ashbourne is a citizen of the United States and a resident of Capitol Heights, Maryland.

7. Defendant Timothy Geithner, is the Secretary of the U.S. Department of the Treasury, and is only being sued in his official capacity. Therefore, the agency, the U.S. Department of the Treasury, is the real party-defendant here being sued.

8. Defendant Donna Hansberry, Director, GHW, has at all times mentioned herein been the Director of GHW and ultimately responsible for actions undertaken by those who were her direct reports. She was made aware of and participated in the decisions affecting

every aspect of Plaintiff's employment with GHW. She acted under color of law, under the color of statutes, ordinances, regulations, policies, custom and usages of the U.S. Department of the Treasury. She is being sued individually and in her official capacity.

9. Donna Prestia has at all times mentioned herein been the Assistant Director of GHW and secondarily responsible for actions undertaken by those who were her direct reports. She reports to Donna Hansberry. Ms. Prestia was a decision maker in Plaintiff's termination and her salary reduction. She was made aware of and participated in the decisions affecting every aspect of Plaintiff's employment with GHW. She acted under color of law, under the color of statutes, ordinances, regulations, policies, custom and usages of the U.S. Department of the Treasury. She is being sued individually and in her official capacity.

10. Thomas Collins has at all times mentioned herein been a GHW Territory Manager responsible for personnel-related actions undertaken by him and by his direct reports. He was a decision maker in Plaintiff's termination and determined her performance evaluation ratings. He reports to Donna Prestia. He knew and participated in the decisions affecting every aspect of Plaintiff's employment with GHW. He acted under color of law, under the color of statutes, ordinances, regulations, policies, custom and usages of the U.S. Department of the Treasury. He is being sued individually and in his official capacity.

11. Ms. Hansberry, Ms. Prestia, and Mr. Collins are collectively referred to here as "GHW's top officials".

**First Cause of Action (United States Constitution, Due Process Clause of the Fifth Amendment 42 U.S.C. §1983 – Deprivation of Liberty Without Due Process)**

12. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

13. Plaintiff complains of defendants and for a first cause of action alleges:

14. GHW deprived Plaintiff of her protected liberty interests without utilizing procedures that satisfied applicable constitutional standards.

15. Plaintiff had constitutionally protected liberty interests in her reputation, good name, honor, and integrity, and in her right to pursue employment opportunities within her chosen profession.

16. Plaintiff was fired because GHW falsely accused her of lying on her pre-employment application.

17. This dishonesty accusation has stigmatized the Plaintiff's good name, reputation, integrity, and honesty, and impaired her ability to pursue employment opportunities within her chosen profession.

18. GHW publicized the reasons for her dismissal to other federal employees, government agencies, and outside third parties.

19. Moreover, those false and defamatory reasons remain a part of the Plaintiff's personnel file which is available to other agencies within the federal government and to prospective employers.

20. Most importantly, the agency, especially the Internal Revenue Service, has a policy of forwarding personnel files to other federal agencies when an employee or a former employee applies for a position within that agency. Therefore, there is a strong likelihood that the Plaintiff's personnel file with the stigmatizing allegations included therein will be inspected by other agencies.

21. Also, the Plaintiff was a public official, so there is another likelihood that members of the public will request inspection of the Plaintiff's personnel file.

22. Nevertheless, all of the hiring officials throughout the IRS have already been made aware of the reasons for Plaintiff's discharge by GHW's top officials.

23. GHW's officials have lied about Plaintiff's work history to the hiring officials.

24. Plaintiff's post-of-duty was at the IRS' corporate headquarters and GHW's officials disclosed the reasons for her dismissal to other hiring officials located at her post-of-duty.

25. By divulging this false information, GHW has greatly impaired Plaintiff's ability to pursue other employment opportunities within her chosen profession at the IRS, other governmental agencies, and within the private sector.

26. GHW's top officials repeatedly refused to schedule any evidentiary meetings with Plaintiff to discuss their questions about her work history.

27. Furthermore, she was denied a meaningful opportunity to be heard before an impartial tribunal either before or after her discharge.

28. In her case, the proposing official was also the deciding official.

29. In other words, GHW was both the proposing and deciding office.

30. However, GHW's top officials were not only biased in terminating her for defamatory reasons but they had discriminated against her by changing the terms and conditions of her employment throughout her tenure with that division.

31. Most importantly, GHW has continued to deny Plaintiff the evidence that shows that her disclosures were untrue, false, or misleading.

32. The Plaintiff is seeking equitable relief by suing the defendants for depriving her of her constitutional rights while they acted under "color of federal law".

33. She is not seeking money damages for their constitutional violations while they acted under "color of federal law".

34. The Plaintiff is seeking money damages and equitable relief from these defendants for violating her constitutional rights while they acted under "color of state law".

WHEREFORE, Plaintiff requests that she have judgment against defendants as follows:

i. an expedited name-clearing hearing with a panel made up of Plaintiff's professional equals. Such panel would include only:

1. Attorneys who have operated MDPs
2. Former Chief Audit Executives or Inspector Generals
3. Former Hearing Officers/Administrative Law Judges;

ii. enjoin GHW's top officials from disseminating any information regarding Plaintiff's dismissal;

iii. expunge all records or information maintained by the agency that is inaccurate, incomplete, irrelevant, untimely, and/or derogatory to Plaintiff;

iv. a referral of Donna Hansberry to the Supreme Court so that it can determine whether to initiate proceedings to disbar Ms. Hansberry from the practice of law for engaging in intentional misconduct;

v. a referral of Donna Prestia and Thomas Collins to the state board of accountancy so that it can determine whether to permanently revoke their CPA licenses for engaging in intentional misconduct;

vi. Backpay in an amount up to the court's jurisdictional limit;

vii. Immediate reinstatement;

viii. Promotion Award. Plaintiff has lost out on promotional positions due to GHW's actions;

ix. Compensatory damages up to the court's jurisdictional amount;

x. Punitive damages up to the court's jurisdictional amount;

xi. expedite this action in every way pursuant to 28 U.S.C. §1657(a);

xii. restore Plaintiff's negotiated salary ($115,742);

xiii. order MSPB to issue Plaintiff's Initial Decision under an assumed name;

xiv. injunctive relief that orders agency not to retaliate against Plaintiff;

xv. award Plaintiff front pay (which includes the negotiated salary amount), with interests or up to the court's jurisdictional amount;

xvi. award Plaintiff attorney fees;

xvii. award Plaintiff expert witness fees;

xviii. award Plaintiff court costs;

xix. award Plaintiff other out-of-pocket costs; and

xx. grant any other relief that the court finds to be just and proper.

DATED: September 30, 2011

Anica Ashbourne
In Pro Per