**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANICA ASHBOURNE,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNA HANSBERRY, *et al.*<br><br>    Defendants. | Civil Action No. 12-1153 (BAH) |

**ORDER**

Upon consideration of the defendants' Motion to Dismiss the plaintiff's Consolidated Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim, ECF No. 52; and the related legal memoranda in support and in opposition thereto, it is hereby

**ORDERED** that the defendants' motion is GRANTED in part and DENIED in part.  The defendants' motion is GRANTED as to the plaintiff's claim under 42 U.S.C. § 1983, since the Consolidated Amended Complaint, ECF No. 49, contains no colorable allegation that the defendants—all of whom were federal employees and acting in their capacities as federal employees at the time of the events in the Consolidated Amended Complaint—acted "under color of state law," as required by the statute.  *See* 42 U.S.C. § 1983.  The plaintiff's contention that, in terminating the plaintiff's employment with the Internal Revenue Service, the defendants "clothed themselves with state authority to declare that Ashbourne & Company was a non-existent business" is implausible on its face and unsupported by the factual allegations in the Consolidated Amended Complaint.  Consol. Am. Compl. ¶ 69.  It is further

**ORDERED** that the defendants' motion to dismiss the individual defendants[1] for lack of proper service is GRANTED and the claims against the individual defendants in their individual capacities are DISMISSED without prejudice.  District of Columbia Superior Court Rule of Civil Procedure 4(c)(3), on which the plaintiff relies for her contention that the individual defendants were properly served, allows service by registered or certified mail, with return receipt requested, but such service must be sent to the defendant's "dwelling house or usual place of abode," not, as occurred here, to the defendant's place of employment.  *See* D.C. Super. Ct. R. Civ. P. 4(c)(3) (referencing individuals to be served under subsection (e)); *id.* 4(e)(2) (noting individuals served within the United States must be served at their "dwelling house or usual place of abode"); *see also Chen v. District of Columbia*, 256 F.R.D. 263, 266 (D.D.C. 2009) (dismissing complaint against individual defendant for improper service where plaintiff sent summons and complaint to defendant's place of work).  It is further

**ORDERED** that the plaintiff's request for an extension of time to serve the defendants, Pls.' Opp'n Def.'s Mot. Dismiss ("Pl's Opp'n") at 5, ECF No. 57, is DENIED, since the plaintiff has made no attempt to show the requisite good cause to extend time for service, *see* FED. R. CIV. P. 4(m).  It is further

**ORDERED** that the defendants' motion is DENIED as to the plaintiff's claims under the Privacy Act of 1974, 5 U.S.C. §§ 552a(e), (g)(1)(c), and (g)(1)(d).  The plaintiff's complaint alleges adequately that the defendants relied intentionally upon incomplete records in making an adverse determination toward the plaintiff, and that such reliance was the proximate cause of the adverse determination.  *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009) (detailing requirements for prima facie case for damages under Privacy Act).  The parties

---

[1] The individual defendants are Donna Hansberry, Donna Prestia, and Thomas Collins.

refer to myriad factual allegations that are not contained within the four corners of the Consolidated Amended Complaint, including, but not limited to, the following: (1) the plaintiff was a "probationary" employee; (2) the plaintiff submitted written responses to the defendants' notice of termination; (3) the defendants collected and considered the plaintiff's responses to the defendants' notice of termination; (4) the plaintiff filed a petition for review with the Merit Services Protection Board following her termination; and (5) the plaintiff's petition for review was dismissed after being withdrawn with prejudice. *See* Defs.' Mem. Supp. Def.'s Mot. Dismiss at 2–3, ECF No. 52; Pls.' Opp'n at 1–2. While these factual allegations may be probative of the plaintiff's claims, they are set out in documents outside of, and not referred to in, the Consolidated Amended Complaint. Consequently, they may only be considered on a motion for summary judgment under Federal Rule of Civil Procedure 56, and not on the instant motion to dismiss. *See Kim v. United States*, 632 F.3d 713, 719–20 (D.C. Cir. 2011) (reversing and remanding district court's grant of motion to dismiss when court referred to materials outside the pleadings without converting motion to one for summary judgment). It is further

**ORDERED** that the parties shall, by September 18, 2014, submit jointly the report required by Local Civil Rule 16.3(3) and this Court's Standing Order ¶ 3, ECF No. 25.

**SO ORDERED**

Date: September 3, 2014

_____
BERYL A. HOWELL
United States District Judge

3